UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAITLYN M. STOLZE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TUOLUMNE COUNTY JAIL, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00685-EPG (PC)<br><br>ORDER DIRECTING CLERK'S OFFICE TO ASSIGN A DISTRICT JUDGE<br><br>AND<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT'S ORDERS<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

Plaintiff Kaitlyn M. Stolze is confined in Tuolumne County Jail and proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges various problems at Tuolumne County Jail, from rotten food to lack of shower curtains. For reasons stated below, the Court recommends that this case be dismissed without prejudice for failure to prosecute.

**I.　　BACKGROUND**

Plaintiff filed the complaint commencing this action on June 4, 2024. (ECF No. 1). On July 12, 2024, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims, in part because "Plaintiff has not named any defendant, and asserts more

1

than 20 unrelated issues." (ECF No. 9 at 6). The Court gave Plaintiff thirty days to either "file an amended complaint . . . or file a statement with the Court that she wants to stand on [original] complaint . . ." (*Id.* at 1–2).

Plaintiff filed her First Amended Complaint (FAC) on July 29, 2024. (ECF No. 10). Plaintiff again alleged problems with food and showers at Tuolumne County Jail, but had significantly narrowed down the list of issues she raised. The Court screened her amended complaint and on August 19, 2024, issued a second screening order holding that Plaintiff again failed to state any cognizable claims. (ECF No. 11). The Court gave Plaintiff 30 days to either file a second amended complaint or file a statement with the Court that she wants to stand on her first amended complaint. (*Id.* at 8). The Court advised Plaintiff that, if she chooses to stand on the filed complaint, the Court would issue "findings and recommendations to a district judge recommending dismissal of the action" consistent with the Court's second screening order. (*Id.* at 11). Finally, the Court has warned the Plaintiff that "Failure to comply with this order may result in the dismissal of this action." (*Id.*; *see also* ECF No. 3 at 1 (warning Plaintiff that failure to follow the Court's orders and all applicable rules "will be grounds for imposition of sanctions which may include dismissal of the case."))

The deadline to respond to the Court's screening order has now passed, and Plaintiff has not filed a second amended complaint or a statement with the Court that she wishes to proceed on her first amended complaint, or had otherwise communicated with the Court.

**II.     LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute. In determining whether to dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with a Court order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

### III. ANALYSIS

In applying the *Pagtalunan* factors to this case, the first factor weighs in favor of dismissal, because "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).

As to the second factor, the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has failed to file a second amended complaint or otherwise notify the Court that she wants to stand on her first amended complaint as required by a court order. Allowing this case to proceed further without any indication that Plaintiff intends to prosecute her case is a waste of judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiffs have no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the third *Pagtalunan* factor, risk of prejudice to Defendants, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, the fourth *Pagtalunan* factor, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status. (*See* ECF Nos. 2, 6). And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Moreover, dismissal *without* prejudice *is* the lesser sanction available to the Court. Under Federal Rule of Civil Procedure 41(b), a court


may dismiss an action *with* prejudice for failure to comply with court orders and to prosecute. Fed. R. Civ. P. (41)(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that Rule 41(b) allows *sua sponte* dismissal by the Court because "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") Therefore, the fourth factor also weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

**IV.    CONCLUSION AND RECOMMENDATIONS**

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, **IT IS ORDERED** that:

1. The Clerk of Court shall assign a district judge to this case.

And it is **RECOMMENDED** that:

1. This action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow Court's orders; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 2, 2024**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE